*463 OPINION OF THE COURT
Ronald H. Tills, J.
By application dated October 30, 2002, labeled RLS-4 (renewal and supplement), defendant seeks to have the court reconsider its decision of the same date based upon further written submissions. The district attorney relies on his response to the original motion labeled RLS-4 and dated July 9, 2002. Oral argument was heard on November 4, 2002.
Based upon a review of all relevant information submitted, the court finds as follows:
The United States Supreme Court decisions in Atkins v Virginia (536 US 304) and Ring v Arizona (536 US 584) do not render CPL 400.27 (12) constitutionally infirm. Defendant’s arguments to the contrary are premised upon the misconception that, under these cases, the prosecution has an affirmative obligation to prove that a defendant is not mentally retarded. This would be tantamount to requiring the prosecution to prove beyond a reasonable doubt the absence of any factor which would render the defendant ineligible for the death penalty. Such is not constitutionally mandated.
Defendant’s further arguments include: (1) a sentencing jury, having been death qualified, might for that reason be more likely to find the defendant not mentally retarded; (2) a mental retardation determination would be unconstitutionally unreliable when made by the jury shortly after hearing the testimony regarding the killings; and (3) an instruction by the court to the jury that a finding of mental retardation precludes the death penalty would make the jury’s determination even more unreliable. Each of the arguments are based upon pure unsubstantiated speculation. The court finds no basis upon which to find constitutional infirmity under any of the three premises advanced.
Upon reviewing the order of the court dated October 30, 2002, and the statutory scheme as set forth in CPL 400.27 (12) (e), the court finds that the language set forth in said order requires clarification. If a pretrial mental retardation hearing is held pursuant to CPL 400.27 (12) (e), the court may not thereafter conduct a postconviction hearing pursuant to CPL 400.27 (12) (a) revisiting the issues decided therein. To the extent that the prior order may be construed to allow hearings under both subdivisions (e) and (a), the court refers to the statute which specifically precludes such.
*464 In all other respects, the order of the court dated October 30, 2002 is reaffirmed.